RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Micaela Placido,                                              :
                                                             :          COMPLAINT
                                        Plaintiff,           :
                                                             :          20-CV-6099
            --against—                                       :
                                                             :
Regine's Originals Inc,  Harun Dusi, as an individual, and   :
Jehoshua Cohen, as an individual                             :
                                                             :
                                        Defendants.          :
------------------------------------------------------------------------X

   Plaintiff  MICAELA PLACIDO ("Plaintiff"), by counsel, RAYMOND NARDO,

P.C., upon personal knowledge, complaining of Defendants, REGINE'S ORIGINALS Inc.,

HARUN DUSI, and JEHOSHUA COHEN,  (referred herein as "Defendants") alleges:

## NATURE OF THE ACTION

   1. This action seeks to recover unpaid minimum wages, overtime pay, and other

monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the

New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

   2. Defendant deprived plaintiff of the protections of the FLSA and NYLL by failing to

pay minimum wage and/or overtime pay.

## JURISDICTION

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C.  § 1391 because the corporate Defendant is located in the Southern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7.    Defendants employed Plaintiff MICAELA PLACIDO  ("PLACIDO" or "Plaintiff") as a Retail Store Clerk/Cashier from August 2015 through present.

8.    Plaintiff's duties were to ring up customers at the Cashier, place garments on hangers, and restock inventory.

9.    Defendants employed PLACIDO for approximately 50 to 60 hours per week, five or six days per week

10.  Plaintiff received $360 for a 50 hour workweek and $425 for a 60 hour workweek.

11.  Plaintiff was an "employee" of Defendants within the meaning of the FLSA and

the NYLL.

**Defendants**

12.   Defendant REGINE'S ORIGINALS Inc. is a New York corporation with its principal executive office located at 178 East 116th Street, in the County of New York, in the Southern District of New York.

13.   Defendant REGINE'S ORIGINALS Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including hangers, fabric, dresses, and blouses, and (2) an annual gross volume of revenues in excess of $500,000.

14.   Defendant is covered under the FLSA as "individual coverage" because Plaintiff was engaged in commerce or in the production of goods for commerce because she sold items that were shipped out of State and she swiped credit cards for payments which constituted interstate transactions.

15.   Defendant REGINE'S ORIGINALS Inc. is a "covered employer" under the FLSA and, at all relevant times, employed Plaintiff.

16.   Defendant REGINE'S ORIGINALS Inc. is a "covered employer" under the NYLL and, at all relevant times, employed Plaintiff.

17.   At all relevant times, Defendant HARUN DUSI is an owner and/or officer of REGINE'S ORIGINALS Inc.   He exercises sufficient control over the corporate operations to

be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices of the corporation.

18.   At all relevant times, Defendant JEHOSHUA COHEN is an owner and/or officer of REGINE'S ORIGINALS Inc..   He exercises sufficient control over the corporate operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices of the corporation.

19.   Defendant JEHOSHUA COHEN was plaintiff's employer under the FLSA and NYLL, and had the authority to hire and fire, assign work, supervise Plaintiff, maintain payroll records, and at all relevant times herein, established and exercised authority regarding the pay practices concerning Plaintiff.

20.   The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**DEFENDANTS' FAILURE TO PAY**
**MINIMUM WAGE**

21.   Defendants failed to pay Plaintiff minimum wage for all hours worked.

## DEFENDANTS' FAILURE TO PAY
## OVERTIME PAY

22.  Defendants suffered or permitted Plaintiff to work over 40 hours per week.

During regular workweeks, Defendants did not compensate Plaintiff for premium overtime

pay at time and one-half the full wage rate for the overtime hours worked.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

23.  The NYLL and Wage Theft Prevention Act requires employers to provide all

employees with a written notice of wage rates within ten days of the time of hire and when

the wage rate is increased.

24.  Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of

the Labor Law.

25.  The NYLL and Wage Theft Prevention Act requires employers to provide all

employees with an accurate statement accompanying every payment of wages, which lists

the name and phone number of the employer, regular rate of pay, overtime rate of pay,

regular hours worked, overtime hours worked, gross wages, net wages, and additional

information.

26.  Defendants also failed to furnish plaintiff with accurate statements of wages, as

required by § 195(3) of the Labor Law.

## FIRST CAUSE OF ACTION
## (FLSA – Minimum Wage)

27.  Plaintiff realleges, and incorporates by reference, all prior allegations as though

fully set forth herein.

28.   At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

29.   Defendant failed to pay plaintiff the minimum wage to which she is entitled under the FLSA.

30.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

31.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

32.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

33.   As a result of Defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Minimum Wage)

34.   Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

35.  Defendants  have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

36.  Defendant  has failed to pay plaintiff the minimum wage to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

37.  Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

38.  Due to Defendant's willful violations of the NYLL, plaintiff is entitled to recover from Defendant  unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(FLSA – Premium Overtime Pay)**

39.  Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

40.  At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

41.  Defendant failed to pay plaintiff premium overtime pay, to which she is entitled under the FLSA.

42.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

43.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

44.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

45.  As a result of Defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied premium overtime pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## FOURTH CAUSE OF ACTION
## (NYLL – OVERTIME PAY)

46.   Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

47.   Defendants  have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

48.  Defendant  has failed to pay plaintiff premium overtime wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

49.  Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the

supporting New York State Department of Labor Regulations.

50.   Due to Defendant's willful violations of the NYLL, plaintiff is entitled to recover from Defendant  unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

51.   Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

52.   Defendant has willfully failed to supply plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

53.   Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, Defendant  have willfully violated NYLL, Article 6, §§ 190 *et*

*seq.*, and the supporting New York State Department of Labor Regulations.

54.  Due to Defendant 's violation of NYLL § 195(1), plaintiff is entitled to recover from Defendant liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

55.  Plaintiff realleges, and incorporates by reference, all prior allegations as though fully set forth herein.

56.  Defendant has willfully failed to supply plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

57.  Through his knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, Defendant  has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

58.  Due to Defendant's violation of NYLL § 195(3), plaintiff is entitled to recover from the Defendant  liquidated damages of $5,000,  plus reasonable attorney's fees, and

costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.    Declaring that Defendant has violated the minimum wage and overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b.    declaring that Defendant has violated the minimum wage and overtime pay provisions of the NYLL, and supporting regulations;

c.    declaring that Defendant has violated the Wage Theft Prevent Act;

d.    declaring that Defendant's violations of the FLSA were willful;

e.    declaring that Defendant's violations of the NYLL were willful;

f.    awarding plaintiff damages for all unpaid wages;

g.    awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.    awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.    issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

k.    awarding plaintiff pre-judgment and post-judgment interest under the FLSA and

the NYLL;

l.    granting an injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

m.    awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

n.    awarding such other and further relief as the Court deems just and proper.

Dated:    Mineola, NY
          August 5, 2020

                                        RAYMOND NARDO, P.C.

                            By:    RAYMOND NARDO, ESQ.
                                   129 Third St
                                   Mineola, NY 11501
                                   (516) 248-2121
                                    raymondnardo@gmail.com
                                   *Counsel for Plaintiff*